1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

5  Attorney for Plaintiff,
   JOHN CROWE, et al.
6

FILED

NOV  7 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                  (Fresno Division)

11

12  JOHN CROWE, individually      ) CASE NO. CV 06-1302 LJO SMS
    and on behalf of all others   )
13  similarly-situated,           ) ORDER ON
                                  ) PRELIMINARY APPROVAL OF
14              Plaintiff,         ) STIPULATION REGARDING CLASS
                                  ) ACTION SETTLEMENT; EXHIBIT
15  vs.                           ) A AND EXHIBIT 1 AND 2
                                  )
16  HARTWICK & HAND, INC., et al., ) Date : November 7, 2007
                                  ) Time : 8:30 a.m.
17              Defendants.        ) Crtrm: 4
                                  ) Judge: Hon Lawrence J. O'Neill
18

19

20      Pursuant to plaintiff's Notice of Motion filed on October 19,

21  2007, the parties in this class action have reached a proposed

22  settlement and seek preliminary approval of the proposed

    Stipulation Regarding Class Action Settlement, the Notice of
23
    Proposed Class Action Settlement And Fairness Hearing and the Claim
24
    Form/FLSA Consent Form.
25
        The motion came on for hearing on November 7, 2007 at 8:30
26
    a.m. in Courtroom 4 of this court. Plaintiff, individually and on
27
    behalf of all others similarly-situated (collectively
28

---

1  "plaintiffs"), appeared by telephone by class counsel Jerry Budin,
2  Law Office of Jerry Budin.  Defendants HARTWICK & HAND, INC. and
3  STACY HAND ("H&H") appeared by telephone by counsel John D.
4  Higginbotham of Best, Best & Krieger LLP.  Having considered the
5  plaintiff's Motion and supporting papers, the Stipulation Regarding
6  Class Action Settlement and the Exhibits attached thereto, the
7  Court issues the following Orders:

8      1.   This Order incorporates by reference the definitions in
9  the Stipulation Regarding Class Action Settlement ("Stipulation")
10 and all terms defined therein shall have the same meaning in this
11 Order as set forth therein.  The Stipulation Regarding Class Action
12 Settlement is attached hereto as Exhibit A.

13     2.   The Court hereby preliminarily approves the attached
14 Stipulation.  The Court preliminarily finds that the Class members
15 are similarly situated and meet the requirements for class
16 certification under F.R.C.P. 23 and as a collective action under 29
17 U.S.C. §216(b).  The Court further preliminarily finds that the
18 Stipulation appears to be within the range of reasonableness of a
19 settlement that could ultimately be given final approval by this
20 court.  It appears to the Court that the Stipulation is fair,
21 adequate and reasonable as to all potential Class Members, when
22 balanced against the probable outcome of further litigation.  It
23 further appears that counsel for the Parties at this time are
24 reasonably able to evaluate their respective positions.  It further
25 appears to the Court that settlement at this time will avoid
26 substantial additional costs to all Parties, as well as the delay
27 and risks that would be presented by further prosecution of these
28 Actions.  Additionally, it appears that the proposed Stipulation

1  was reached as a result of intensive, non-collusive, arms-length
2  negotiations.

3      3.   A hearing ("Fairness Hearing") shall be held before this
4  Court on February 20, 2008 at 8:30 a.m. in Courtroom 4 in the
5  United States District Court for the Eastern District of
6  California, located at 2500 Tulare Street, Fresno, California, to
7  determine all necessary matters concerning the settlement,
8  including: whether the proposed settlement of the Actions on the
9  terms and conditions provided is fair, adequate, and reasonable,
10  and should be finally approved by the Court; whether the cases
11  should be dismissed with prejudice pursuant to the terms of the
12  settlement; whether the settlement should be approved as fair,
13  adequate, and reasonable to the Class Members; whether the Court
14  should finally approve an enhancement payment for Mr. Crowe and the
15  amount of attorney fees and costs to be awarded Class Counsel,
16  Jerry Budin.

17      4.   The Court hereby approves, as to form and content, the
18  proposed "Notice of Proposed Class Action Settlement and Fairness
19  Hearing" ("Notice;" attached hereto as Exhibit "1") and the "Claim
20  Form/FLSA Consent Form" (attached hereto as Exhibit "2"). The
21  Court finds that the distribution of the Notice substantially in
22  the manner and form set forth in the Stipulation meets the
23  requirement of due process under Federal Rule of Civil Procedure
24  23(e) and 29 U.S.C. §216(b); and that such Notice is the best
25  practicable under the circumstances, and shall constitute due and
26  sufficient notice to all persons entitled thereto.

27      5.   Any class member who wishes to receive a portion of the
28  settlement fund must complete and submit a properly completed Claim

1  Form, pursuant to the instructions for making a claim that are set
2  forth in the Notice, so that it is postmarked no more than sixty
3  (60) days after the date the Notices are mailed.  Any class member
4  who does not submit a Claim Form will not be entitled to any
5  recovery, unless the parties agree to allow the late claim.

6      6.   Any class member may choose to "opt-out" of and be
7  excluded from the settlement as provided in the Notice by following
8  the instructions for requesting exclusion from the Stipulation that
9  are set forth in the Notice.  All requests for exclusion must be
10 submitted so that they are postmarked no more than thirty (30) days
11 after the date the Notices are mailed.  Any such person who chooses
12 to "opt out" of and be excluded from the class will not be entitled
13 to receive any proceeds from this settlement, and will not be bound
14 by this settlement or have any right to object, appeal, or comment
15 thereon.

16     7.   Any class member who has not validly requested exclusion
17 from the class and the Stipulation may appear at the Fairness
18 hearing and may object or express his/her views regarding the
19 settlement, and may present evidence and file briefs or other
20 papers, that may be proper and relevant to the issues to be heard
21 and determined by the Court, as provided in the Notice.  However,
22 no class member or any other person shall be heard or entitled to
23 object, and no papers or briefs submitted by any such person shall
24 be received or considered by the Court, unless the person on or
25 before that day which is 30 days after the Notice is mailed has
26 filed with the Clerk of this court, and mailed by first class
27 postage to Class Counsel (Jerry Budin, Law Office of Jerry Budin,
28 2401 E. Orangeburg Ave., Suite 675-309, Modesto, CA 95355) and

1  Defendants' Counsel (John D. Higginbotham, Best, Best & Krieger
2  LLP, P.O. Box 1028, Riverside, CA 92502): (i) a written statement
3  advising if the individual plans to address the Court at the
4  Fairness Hearing; (ii) a written statement of the individual's
5  objections; and (iii) any other papers which the individual
6  purposes to submit to the Court, including any legal briefs or
7  memoranda. Any such person who does not make an objection in the
8  manner provided for in this Order shall be deemed to have waived
9  such objection and shall forever be foreclosed from making any
10  objection to the settlement.

11      8.   In the event the Stipulation does not become effective in
12  accordance with the terms of the Stipulation, or the Stipulation is
13  not finally approved, or is terminated, canceled or fails to become
14  effective for any reason, this Order shall be rendered null and
15  void and shall be vacated, and the Parties shall revert to their
16  respective positions as of before entering into the Stipulation.

17      9.   For purposes of effectuating this settlement, the Court
18  preliminarily certifies the following two Settlement Classes:

19         Settlement Class 1

20         All persons who are employed or have been
          employed by H&H in the State of California at
21         its Bakersfield facility who, on or after
          September 19, 2002 through the date of the
22         Preliminary Approval Hearing, have worked as a
          truck driver hauling oil field sand within
23         California.

24         Settlement Class 2

25         All persons who are employed or have been
          employed by H&H in the State of California who
26         do not fall within the Class 1 definition and
          who, on or after September 19, 2002 through
27         the date of the Preliminary Approval Hearing,
          have worked as a truck driver.
28

1        10.   For purposes of effectuating this settlement, the Court

2    hereby appoints Jerry Budin as Class Counsel and John Crowe as

3    Class Representative.

4        IT IS SO ORDERED.

5

6    DATED: *Nov 7, 2007*

7                             LAWRENCE J. O'NEILL
                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON PRELIMINARY APPROVAL OF                  CASE NO. CV F 06-1302 LJO SMS
STIPULATION REGARDING CLASS ACTION SETTLEMENT;
EXHIBITS A-C                6

Jerry N. Budin
State Bar #88539
Law Office of Jerry Budin
2401 E. Orangeburg Ave., Ste. 675-309
Modesto, California 95355
Telephone: (209) 544-3030
Facsimile: (209) 544-3144

Attorney for Plaintiff,
JOHN CROWE, et al.

John D. Higginbotham
State Bar #204179
Best, Best & Krieger LLP
P.O. Box 1028
Riverside, California 92502-1028
Telephone: (951) 686-1450
Facsimile: (951) 686-3083

Attorneys for Defendant,
HARTWICK & HAND, INC., STACY HAND

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| JOHN CROWE, individually and on behalf of all others similarly-situated, | ) CASE NO. CV 06-1302 LJO SMS ) ) STIPULATION REGARDING |
| Plaintiff, | ) SETTLEMENT OF CLASS ACTION; ) EXHIBITS 1-2 ) |
| vs. | ) ) |
| HARTWICK & HAND, INC., STACY HAND, and DOES 1 through 100, | ) ) ) |
| Defendants. | ) ) |

1

TABLE OF CONTENTS

2

PAGE

3   I.    INTRODUCTION........................................... 1

4   II.   NATURE OF THE CASE.................................... 1

5   III.  GENERAL TERMS OF THE STIPULATION...................... 3

6         A.   Definition....................................... 3

7         B.   Jurisdiction and Venue........................... 5

8         C.   Non-Admissions................................... 5

9         D.   Effect Of This Stipulation....................... 6

10        E.   Duties Of Plaintiff's Counsel.................... 8

11  IV.   CLASS CERTIFICATION.................................. 8

12  V.    SETTLEMENT........................................... 8

13        A.   Administration Of The Settlement Sum............. 8

14             1.   Payment To Class Representative............. 9

15             2.   Payments To Class Members.................. 9

16        B.   Claims Filing Procedures......................... 9

17        C.   Procedures For Payment Of Claims................. 10

18        D.   Time For Disbursement Of Settlement Payments..... 11

19  VI.   ATTORNEYS' FEES...................................... 11

20  VII.  TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE
          CLASS OR TO THE NAMED PLAINTIFF...................... 12
21
    VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS............ 12
22
    IX.   NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE
23        OR PLAINTIFFS........................................ 12

24  X.    NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO
          SEEK EXCLUSION....................................... 13
25
    XI.   OPTION TO TERMINATE SETTLEMENT....................... 14
26
    XII.  MISCELLANEOUS PROVISIONS............................. 14
27

28

1       Plaintiff JOHN CROWE, who is the individual named Plaintiff,

2 on behalf of himself and on behalf of all members of certain

3 classes hereinafter defined, and Defendants HARTWICK & HAND, INC.

4 and STACY HAND ("Defendants"), collectively referred to as

5 "parties," hereby stipulate and agree on all of the terms of the

6 settlement in this matter, and request a hearing for preliminary

7 approval of this class action settlement.

8 **I.     INTRODUCTION**

9       This Stipulation Regarding Settlement Of Class Action

10 ("Stipulation") sets forth the full and final terms by which the

11 named Plaintiff, on behalf of himself and members of the class

12 defined herein, and Defendants HARTWICK & HAND, INC. and STACY HAND

13 ("H&H") have settled and resolved all claims and potential claims

14 between them relating to any alleged nonpayment of regular and/or

15 overtime compensation for hours worked under the Fair Labor

16 Standards Act ("FLSA") and the California Labor Code, including

17 meal/rest period violations and claims for relief under

18 California's Unfair Competition Act (Cal. Bus. & Prof. Code § 17200

19 *et seq.*) ("UCA" or "17200"). By agreeing to this Stipulation, H&H

20 does not admit to any liability, and in fact, such liability is

21 expressly denied.   H&H has voluntarily entered into this

22 Stipulation to avoid protracted and costly litigation.

23 **II.    NATURE OF THE CASE**

24       This Stipulation resolves an action by Plaintiff JOHN CROWE,

25 purporting to represent a class of similarly situated persons.

26       The Action filed on September 19, 2006 alleges that H&H

27 failed to pay overtime for hours worked in excess of forty in a

28 workweek in violation of the FLSA (29 U.S.C. § 207(a)(2)(C)).

1   Additionally, Plaintiff alleges that H&H's FLSA violation provides
2   a predicate for a second claim for damages under the UCA. Lastly,
3   plaintiff has indicated he is prepared to amend his complaint to
4   seek damages for meal/rest period violations pursuant to Calif.
5   Labor Code §226.7 and 512.   H&H has specifically denied, and
6   continues to deny, each and every allegation made by the Plaintiff
7   in this Action.

8       The parties to this Action desire to settle it, and have
9   agreed to enter into this Stipulation for the purpose of resolving
10  the Action.   This Stipulation has been jointly negotiated and
11  drafted by counsel completely familiar with the legal and factual
12  issues in the Action, along with representatives of the parties,
13  after extensive discovery and substantial and extensive discussions
14  regarding claims and defenses by counsel for all the parties.
15  Counsel have negotiated at arm's-length and in good faith, with the
16  best interests of their clients in mind.

17      Based upon their knowledge of the case and extensive
18  negotiations, all counsel believe that this Stipulation is fair,
19  reasonable, and adequate to resolve this Action in its entirety,
20  and that settlement at this time on these terms is in the best
21  interests of all the parties.

22      Counsel and the parties have considered, among other things,
23  the expense, inconvenience, and time demands of continuing,
24  burdensome, and protracted litigation, the risks inherent in
25  litigation, and the benefits provided by the terms of this
26  Stipulation.   This Stipulation represents the parties' joint
27  efforts to avoid further litigation, and does not represent any
28  admission of liability by the Defendant on the merits of this

STIPULATION REGARDING SETTLEMENT OF
CLASS ACTION; EXHIBITS 1-2

CASE NO. CV 06-1302 LJO SMS

2

1 | Action. Neither party is responsible for or adopts the
2 | justification for settlement of the other party.

3 | **III. GENERAL TERMS OF THE STIPULATION**

4 | **A. Definitions**

5 | For purposes of this Stipulation and all exhibits hereto,
6 | the capitalized terms in such documents shall have the meanings set
7 | forth below. All terms defined in the singular shall have the same
8 | meaning when used in the plural, and all terms in the plural shall
9 | have the same meaning when used in the singular, unless otherwise
10 | noted.

11 | 1. "Authorized Claimant" shall mean only a person
12 | listed in the Final Judgment as entitled to a settlement payment
13 | who has timely filed a completed "Claim Form/FLSA Consent Form."

14 | 2. "H&H's Counsel" shall mean the law firm of
15 | Best, Best & Krieger LLP, P.O. Box 1028, Riverside, California
16 | 92502-1028, including attorney John D. Higginbotham.

17 | 3. "Claimant" shall mean any person who is eligible to
18 | make, and who has made, a claim pursuant to the procedures in
19 | section V.B-C of the Stipulation.

20 | 4. "Claim and Release" shall mean the form headed
21 | "Claim Form/FLSA Consent Form" (attached as Exhibit 2).

22 | 5. "Claim Form Submission Date" shall mean the postmark
23 | date the completed Claim and Release was mailed, or the date of
24 | personal delivery of the completed Claim and Release, to Class
25 | Counsel.

26 | 6. "Class Counsel" shall mean Jerry N. Budin, of the
27 | Law Office of Jerry N. Budin, 2401 E. Orangeburg, Suite 675-309,
28 | Modesto, CA 95354-1123.

STIPULATION REGARDING SETTLEMENT OF
CLASS ACTION; EXHIBITS 1-2

CASE NO. CV 06-1302 LJO SMS

3

1    7.   "Class Representative" refers only to Plaintiff
2    JOHN CROWE.

3    8.   "Court" shall mean the United States District Court,
4    Eastern District of California (Fresno Division).

5    9.   "Effective Date" of this Stipulation shall mean the
6    later of (a) the 15th day after the date of the signing and final
7    approval of this Stipulation by the Court, if no objections are
8    made, or (b) the 15th day after this Stipulation becomes final and
9    non-appealable, in the event that an objection to this Stipulation
10   has been filed.

11   10.  "Employee Taxes" shall mean any and all federal,
12   state and local taxes required to be withheld by H&H as the
13   employer from the settlement payments for the employees' portion of
14   taxes, including but not limited to any withholdings required for
15   federal income tax, Social Security, and Medicare, and California
16   State income tax and state disability (SDI).  The amount of taxes
17   withheld will depend upon the applicable tax rates in effect for
18   each Authorized Claimant during the year in which a payment is made
19   and whether that Authorized Claimant is still employed by H&H when
20   payment is made.

21   11.  "Employer Taxes" shall mean any and all taxes and
22   contributions imposed by federal, state or local law on H&H as the
23   employer for the employer's portion of federal Social Security and
24   Medicare, federal unemployment tax, California state unemployment
25   tax, and any other taxes.

26   12.  "Fairness Hearing" shall mean the Court's public
27   hearing or hearings to determine whether the proposed Stipulation
28   shall be finally approved.

13.  "Notice" shall mean that document headed "Notice of Proposed Class Action Settlement and Fairness Hearing" (attached as Exhibit 1).

14.  "Parties" shall mean the Named Plaintiff and H&H.

15.  "Plaintiff Class," "Named Plaintiff," "Plaintiff," "Class," or "Class Members" or any variation of such terms, shall mean the class members described in section IV of this Stipulation.

16.  "Preliminary Approval Date" of this Stipulation shall mean the date this Court grants its preliminary approval to this Stipulation.

17.  The "Settlement Class" or "Settlement Classes" shall mean those classes of persons defined in section IV.

18.  "Taxes" shall mean, collectively, all "Employee Taxes" and "Employer Taxes."

**B.   Jurisdiction And Venue**

The Parties agree that this Court has jurisdiction over the subject matter of and the parties to this action and that venue is proper.  The Court shall retain jurisdiction of this action for the purpose of entering all orders and judgments authorized hereunder that may be necessary to implement and enforce the relief provided herein.

**C.   Non-Admissions**

H&H at all times has denied and continues to deny the material controverted allegations of the Action.  H&H has alleged numerous affirmative defenses to the Action and does not admit to any obligation to pay any additional compensation, regular or overtime.  H&H does not admit that it violated California Labor Codes §226.7 and/or 512 regarding the provision of meal/rest

1  periods to its truck drivers.  H&H also does not admit to any
2  unfair business practices, violations of the UCA or violations of
3  state or federal wage and hour statutes or regulations.  H&H
4  expressly denies any such violations.  H&H's voluntary agreement to
5  the entry of this Stipulation shall not be deemed an admission of
6  liability, and none of the parties to this Action shall be deemed
7  a prevailing party.  There has been no judicial determination in
8  the Action that H&H has violated any law, order, or regulation of
9  the United States, or of any State, regarding its payment of wages.
10 This Stipulation shall not constitute an adjudication and/or
11 finding on the merits of the case, and shall not be used as
12 evidence of liability, *res judicata*, or collateral estoppel in any
13 other legal proceeding against H&H.

14     Nothing in this Stipulation nor anything in this
15 Stipulation shall be deemed admissible in any forum or proceeding
16 as evidence of an admission by H&H that it has engaged in any
17 practice, act, or omission, in violation of the Fair Labor
18 Standards Act, California Business and Professions Code section
19 17200 *et seq.*, California Labor Code or any other federal or state
20 law or regulation.  This Stipulation shall not be admissible as
21 evidence in any forum for any reason, other than in an action to
22 enforce its terms.

23     **D.  Effect Of This Stipulation**

24     This Stipulation fully and finally resolves all claims,
25 demands, and causes of action of the Named Plaintiff and the
26 Settlement Classes that were raised or could have been raised
27 against Hartwick & Hand, Inc. and Stacy Hand, its present and
28 former parent companies, subsidiaries and affiliates, and the

1  present and former shareholders, directors, officers, employees
2  agents and representatives of each, at any time up to and including
3  the Preliminary Approval Date of this Stipulation, with the
4  exception of those claims of Class Members who timely request
5  exclusion from the Settlement Classes and settlement described
6  herein.  Accordingly, in the event this Stipulation receives final
7  approval from this Court, all Class Members are bound by the terms
8  of this Stipulation, except those Class Members who choose to
9  exclude themselves in accordance with the exclusion procedures set
10  forth in section V of the attached Notice (Exhibit "1").

11         The preclusive affect of this Stipulation applies to any
12  and all claims for legal relief, equitable relief, monetary relief
13  (including, but not limited to, payment of wages, damages,
14  interest, penalties, attorney fees, and any monetary relief
15  available under the Fair Labor Standards Act, the California Labor
16  Code, the California Wage Orders, California Business & Professions
17  Code section 17200 et seq. or any other federal, state or local
18  law), and any other relief that could have been sought in this
19  Action regarding wage and hour or payroll claims, pre-trip and/or
20  post-trip inspections or meal/rest period violations.    The
21  doctrines of *res judicata* and collateral estoppel shall apply to
22  the Named Plaintiff and the Plaintiff Classes as defined herein
23  with respect to all issues of law and fact and all matters of
24  relief granted or denied within the scope of this Stipulation.

25         The Settlement Class, including the Class Representative and
26  each Class Member, waive all rights to which they may be entitled
27  pursuant to California Civil Code section 1542 with respect to the
28  aforementioned claims.  Section 1542 provides as follows:

1
2
3
4

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5    **E.   Duties Of Plaintiff's Counsel**

6        Class counsel shall prepare all papers associated with
7  the settlement, including the settlement agreement, the notice to
8  the class, the claim form, the motion for preliminary approval and
9  the motion for final approval.

10  **IV.   CLASS CERTIFICATION**

11      The plaintiff will file a motion to certify Settlement Classes
12  under 29 U.S.C. §216(b) and Federal Rules of Civil Procedure, Rule
13  23 as follows:

14          Class 1

15          All persons who are employed or have been
16          employed by H&H in the State of California at
17          its Bakersfield facility who, on or after
18          September 19, 2002 through the date of the
19          Preliminary Approval Hearing, have worked as a
20          truck driver hauling oil field sand within
21          California.

22          Class 2

23          All persons who are employed or have been
24          employed by H&H in the State of California who
25          do not fall within the Class 1 definition and
26          who, on or after September 19, 2002 through
27          the date of the Preliminary Approval Hearing,
28          have worked as a truck driver.

STIPULATION REGARDING SETTLEMENT OF                    CASE NO. CV 06-1302 LJO SMS
CLASS ACTION; EXHIBITS 1-2

1    Settlement Class 1 consists of approximately forty- seven (47)

2    potential members and Settlement Class 2 consists of approximately

3    one hundred (100) potential members.   The actual size of the

4    Settlement Classes will be determined from the number of Claim Form

5    and Releases submitted by Class members.

6    **V.    SETTLEMENT**

7         **A.    Administration Of The Settlement Sum**

8         For the purpose of satisfying and settling all of the

9    claims of the named Authorized Claimants and Class Counsel, as

10   those terms are defined in section III(A) above, H&H shall pay

11   Authorized Claimants the sum ("Sum") of Forty-Five Thousand Dollars

12   ($45,000.00), less court-approved attorney fees and costs and any

13   enhancement payment to the Class Representative, JOHN CROWE.

14       The Sum shall be divided among the two Settlement Classes as

15   follows: (1) 80% to Settlement Class 1 and (2) 20% to Settlement

16   Class 2.

17       Plaintiff's counsel will administer all aspects of class

18   administration, except for the preparation of the settlement

19   checks, which defendant shall prepare and forward to plaintiff's

20   counsel for distribution.

21       The Sum is the sole payment that H&H shall be required to

22   make to settle this case and the foregoing Claims, except H&H shall

23   also pay the Employer Taxes.

24            **1.    Payment To Class Representative**

25       Subject to court approval, the gross amount of $2,500.00

26   shall be paid by H&H to Class Representative JOHN CROWE from the

27   Sum for his service as the lead Plaintiff in this action.   This

28   payment shall not be subject to tax withholding, and shall be

1  reported by the H&H to the IRS by Form 1099.

2      **2.   Payments To Class Members**

3         The amount paid to each Authorized Claimant in each
4  Settlement Class shall be based on the ratio of each Authorized
5  Claimant's total work weeks to the total number of work weeks for
6  all Authorized Claimants in that Settlement Class.

7      **B.   Claims Filing Procedures**

8         Within fifteen (15) days of preliminary approval of this
9  Stipulation and pursuant to this Court's Order Granting Preliminary
10  Approval, H&H shall provide the name, last known address and Social
11  Security number of each Class Member to Class Counsel.  Class
12  Counsel shall then mail copies of the Notice and the Claim Form and
13  Release to every known Class member at his/her last known address.
14  Class Counsel shall make these forms available to other Class
15  members at their request.  When necessary, Class Counsel shall
16  perform appropriate "skip-tracing" to locate any Class Member whose
17  Claim Form is returned by the U.S. Postal Service.

18         The signed Claim Form and Release, submitted in
19  accordance with the procedures set forth on the Claim Form and
20  postmarked or hand delivered by 60 days from the mailing of Notice,
21  shall be processed by Class Counsel.

22      **C.   Procedures For Payment Of Claims**

23         In order to promote both fairness and efficiency, each
24  claim will be paid on a pro-rata basis within the Class according
25  to the terms of section V.A.2., after verification of the
26  information provided on the Claim Form And Release.  The pro-rata
27  and verification system shall be applied uniformly, based on the
28  employment records of H&H, will not be discretionary, and may be

1  amended only by Court Order.  Each Authorized Claimant shall then
2  be allocated a commensurate proportion of the Sum.  All proposed
3  monetary awards shall be subject to the review and approval of the
4  Court before disbursement.

5  All Class Members receiving awards will be required to
6  keep the amount of the awards confidential from everyone except
7  Class  Counsel,  or  any  attorney,  tax  or  financial  advisor
8  representing them or members of their immediate family.  No award
9  shall be paid to an Authorized Claimant prior to receipt by H&H's
10  counsel of the Claimant's fully completed Claim Form And Release.

11  Each check issued to a Class Member shall bear an
12  inscription indicating that the check will become void if not
13  cashed within ninety (90) days from the date of the check's
14  issuance.

15  All awards shall be made from the Sum.  The awards made
16  to Authorized Claimants shall be deemed wage payments and shall be
17  subject to tax withholding.  There will be no reversion of any
18  portion of the Sum to H&H.  All Settlement monies will be
19  distributed on a pro rata basis to Class Members who file timely
20  Claim Forms.

21  **D.   Time For Disbursement Of Settlement Payments**

22  H&H shall mail the settlement payments, pursuant to the
23  terms of this Stipulation, to Class Counsel for distribution to
24  each Authorized Claimant's last known mailing address within
25  fifteen (15) days of the Effective Date.  Under no circumstances
26  shall H&H make any disbursements to Class Members from the Sum
27  until all timely claims have been considered, calculated, and
28  accounted for, including attorney fees and any enhancement payment,

1 | and the obligations set forth in section V have been satisfied.

2 |      If H&H does not make the payments within the time
3 | specified above, late payments shall be subject to interest at
4 | the rate of 10% per annum.

5 | **VI.   ATTORNEY FEES**

6 |      Although neither party to this Action is deemed to be a
7 | prevailing party, H&H agrees not to oppose Class Counsel's request
8 | for actual costs and reasonable attorney fees from the Sum in an
9 | amount not to exceed twenty-five (25) percent of the Sum. Said
10 | motion will be heard in conjunction with the Fairness Hearing.  To
11 | the extent that the payments of attorney fees reduce the Sum, the
12 | individual settlement amounts payable to Authorized Claimants shall
13 | be proportionately reduced from the amounts set forth in section
14 | V.A.2 of this Stipulation, so as to allow full payment of
15 | attorney's fees and costs to Class Counsel.

16 | **VII.  TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE PLAINTIFF CLASS**
17 | **OR TO THE NAMED PLAINTIFF**

18 |      The parties agree that the amounts paid pursuant to this
19 | Stipulation to the Class Members and to the Named Plaintiff are
20 | taxable under the United States Tax Code and the tax codes of the
21 | various states and territories of the United States.  Withholding
22 | of taxes and payment of the employers' portion of taxes by H&H
23 | shall be in accordance with applicable law and this Stipulation.

24 |      No representations are made by or to any party to this
25 | Stipulation as to the tax consequences of the monetary payments
26 | pursuant to this Stipulation.  Each person receiving payment of
27 | money pursuant to this Stipulation shall be responsible for their

28 |

1   own tax liability for payments made herein and the allocations
2   specified herein, including any related penalties, interest, or
3   employee payroll taxes.

4   **VIII.   STATUS AND DISPOSITION OF UNCLAIMED FUNDS**

5       One-Hundred Twenty (120) days after H&H has distributed the
6   last of the Sum to the Class Members, H&H's counsel shall make a
7   written report, including supporting documentation, to Class
8   Counsel of whether any checks drawn on the sum were returned or
9   unpaid. At that time, the Parties, in consultation with the Court,
10  if necessary, shall distribute this remaining part of the Sum to
11  one or more *cy pres* charities.

12  **IX.   NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE OR PLAINTIFFS**

13      This Stipulation is the product of extensive negotiation by
14  counsel completely familiar with the legal and factual issues in
15  these cases, along with representatives of the parties, after
16  extensive discovery and substantial and extensive discussions
17  regarding claims and defenses by counsel for all the parties.
18  Class Counsel covenants that he shall not appeal any portions of
19  this Stipulation on behalf of the Class Representative or Class
20  Members should this Stipulation be adopted in whole or modified in
21  part by the Court, except Class Counsel reserves the right to
22  appeal any award of attorney fees.

23  **X.   NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION**

24      Pursuant to F.R.C.P. Rule 23, Class Counsel shall give notice
25  to Class Members so that they may have an opportunity to object to
26  the terms of the Stipulation and to decide whether to exclude
27  themselves from participation in the Settlement. Class Counsel
28  shall send notice to all Class Members by first class mail to each

1  Class Member's last known address. Individual notice to each class
2  member shall be made in the form of the Notice attached hereto as
3  Exhibit 1.   The notice shall include a provision notifying the
4  class members of their right to be excluded from the Classes or to
5  object to this Stipulation.

6  Within 30 days from mailing of the Notice, members of the
7  Class may file objections to the terms of the Stipulation, or may
8  exclude themselves from membership in the Class.  Any exclusions
9  shall be made in writing and sent to Class Counsel. Class Counsel
10 shall promptly provide copies of all exclusions he receives to
11 H&H's counsel.

12 No objections will be heard at the Fairness Hearing unless the
13 objecting party previously submitted his or her objections in
14 writing in accordance with the terms of this Stipulation and the
15 Notice.

16 **XI.  OPTION TO TERMINATE SETTLEMENT**

17 If any person or persons who otherwise would be a member of
18 the Settlement Class has/have filed a timely request for exclusion
19 from the Settlement Class in accordance with paragraph **X** above <u>AND</u>
20 the pro rata share or shares of that/those person or persons
21 exceed(s) ten percent (10%)of the Settlement Fund, H&H shall have,
22 in its sole discretion, the option to terminate this Settlement.

23 **XII. MISCELLANEOUS PROVISIONS**

24 This Stipulation comprises the full and exclusive agreement
25 of the parties with respect to the matters discussed herein. No
26 waiver, modification or amendment of any provision of this
27 Stipulation shall be effective unless made in writing, approved by
28 all Parties to this Stipulation and approved by the Court or

1  ordered by the Court.

2      In the event (i) the Court does not enter the Preliminary
3  Order specified herein; (ii) the Court does not finally approve the
4  settlement as provided herein; (iii) the Court does not enter the
5  Final Judgment as provided herein; or (iv) the Stipulation does not
6  become final for any other reason, this Stipulation shall be null
7  and void and any order or judgment entered by the Court in
8  furtherance of this settlement shall be treated as nunc pro tunc.
9  In such a case, the Action and the parties shall be returned to
10 their respective statuses as of the date and time immediately prior
11 to the execution of this Stipulation, and the Parties shall proceed
12 in all respects as if this Stipulation had not been executed.

13     In the event of Defendant's failure to make the payments as
14 required by this Stipulation, the settlement becomes automatically
15 void, and this action shall proceed as if no settlement had ever
16 been reached.   Any monies received by Class Counsel and Class
17 Members before the breach shall be offset against any recovery by
18 Class Counsel and Class Members after the breach.

19     Each side shall bear its own attorney fees and costs in
20 connection with any claims asserted, and the negotiation and
21 completion of this Stipulation.

22     This Court has jurisdiction of the subject matter and of the
23 parties to this Action. The Court shall retain jurisdiction over
24 this Stipulation and the parties for all purposes until the
25 expiration of the Parties' obligations as set forth herein.

26 ///

27 ///

28

STIPULATION REGARDING SETTLEMENT OF                          CASE NO. CV 06-1302 LJO SMS
CLASS ACTION; EXHIBITS 1-2

1

2   Dated: October 19, 2007       LAW OFFICE OF JERRY BUDIN

3

4                            /s/ Jerry Budin

5                            JERRY BUDIN
                              Attorney for Plaintiff,

6                            JOHN CROWE

7   Dated: October 19, 2007       BEST, BEST & KRIEGER LLP

8

9                            /s/ John D. Higginbotham

10                         JOHN D. HIGGINBOTHAM
                         Attorneys for Defendants,
                         HARTWICK & HAND, INC. and

11                         STACY HAND

12

13                        /s/ JOHN CROWE (Original signature
                                    retained by attorney)
  Dated: October 19, 2007

14                         JOHN CROWE
                         Plaintiff

15

16  Dated: October 19, 2007      HARTWICK & HAND, INC.

17                        /s/ Stacy Hand (Original signature
                                    retained by attorney)

18               By:
                         STACY HAND

19                         Defendant

20

21  Dated: October 19, 2007      /s/ Stacy Hand (Original signature
                                    retained by attorney)

22

23                         STACY HAND
                         Defendant

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

| | |
|---|---|
| JOHN CROWE,<br>individually and on behalf of<br>all others similarly-situated,<br><br>                          Plaintiffs,<br><br>vs.<br><br>HARTWICK & HAND, INC. and STACY HAND,<br><br>                          Defendants. | CASE NO. CV  06-1302 LJO SMS |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:    All truck drivers who were employed by Hartwick & Hand, Inc. and Stacy Hand ("H&H"), in California at any time from September 19, 2002 through (date of preliminary approval hearing).

THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2008 BEFORE THE HONORABLE LAWRENCE J. O'NEILL, JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

I.    **INTRODUCTION**

On September 19, 2006, John Crowe, individually and on behalf of other truck drivers, filed a lawsuit against Hartwick & Hand, Inc. and  Stacy Hand ("H&H"), alleging that he worked for H&H as a truck driver and was entitled to overtime compensation for hours worked in excess of forty (40) per week, but that H&H failed to pay him at overtime rates for those overtime hours.  Plaintiff also alleges that H&H did not provide meal/rest periods to its truck drivers and did not compensate its truck drivers for pre-trip/post-trip inspections.  H&H denies these allegations.

A tentative settlement of this case has been reached.  The settlement will apply to all persons who meet one of the two following definitions ("Settlement Classes"):

Settlement Class 1
All persons who are now employed or have been employed by defendants H&H in the State of California at its Bakersfield facility, who, on or after September 19, 2002 to (date of preliminary approval hearing), have worked as a truck driver hauling oil field sand within California.

Settlement Class 2
All persons who are now employed or have been employed by defendants H&H in the State of California who do not fall within the Class 1 definition and who, on or after September 19, 2002 to ( date of the preliminary approval hearing), have worked as a truck driver.

**The Reason You Have Received This Notice**

You are believed to be a member of one of the Settlement Classes.  If so, your rights will be affected because the parties have tentatively settled the lawsuit.  Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case.  By preliminary approval of the proposed settlement on _____, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

        1.    A settlement of the claims of the Settlement Classes has been proposed by Plaintiff John

Crowe and his attorney and Defendants H&H and their attorneys.

2.    The proposed Settlement has been submitted to the Court, and has received preliminary approval.

3.    If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against H&H, for any claim occurring during the period from September 19, 2002 through (date of preliminary approval hearing) that was raised or could have been raised in the Plaintiff's complaint.

4.    You and any other persons in the Settlement Classes have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

5.    A hearing to finally approve the settlement is scheduled for _____, 2008 in Courtroom No. 4, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Classes may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.    NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued H&H for nonpayment of overtime for hours worked in excess of forty in a week. H&H has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and H&H, ("the Parties") have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Classes and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of one of the Settlement Classes established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III.    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, H&H has agreed to provide certain relief to persons in the Classes. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.    H&H, will pay the total sum ("Sum") of Forty-Five Thousand Dollars ($45,000.00) less attorney fees and costs awarded to Class Counsel and any enhancement awarded to the Plaintiff John Crowe. The Sum will be divided among the Classes as follows: 80% of the Sum to Settlement Class 1 and 20% to Settlement Class 2.

2.    **IN ORDER TO RECEIVE PAYMENT UNDER THIS SECTION, EACH CLASS MEMBER MUST FILE A TIMELY CLAIM FORM, WHICH IS ENCLOSED WITH THIS NOTICE.**

3.    H&H will pay reasonable attorneys' fees in a maximum amount not to exceed $11,250.00 (25% of

the Sum) and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2008.

4. The Court will also be asked to award an enhancement payment to John Crowe in the amount of $2,500.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Class member will receive in settlement. Monies paid pursuant to the Settlement are taxable. H&H will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement.

## IV.   HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.    So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to the following: (i) the Court at United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, (ii) Class Counsel, Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, and (iii) John D. Higginbotham , Best, Best & Krieger, P.O. Box 1028, Riverside, CA 92502-1028 (Defendant's'Counsel).

The request MUST include:  (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda.

B.    If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2008 before the Honorable Lawrence J. O'Neill, United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California 93721. You may appear personally at the hearing, or through your own counsel, paid for at your own expense.

## V.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.    So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to Class Counsel, Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 if you wish to be excluded from the Settlement Agreement. The written request MUST contain your name, address, telephone number, Social Security number and the location and years of your employment by H&H.

B.    If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.    Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VI.   CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, telephone (209) 544-3030, fax (209) 544-3144.

**PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM  IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE, SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (60 days from mailing), ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

**MAIL TO:**

**Jerry Budin, Attorney**
**2401 E. Orangeburg, Ste. 675-309**
**Modesto, CA 95355**

# United States District Court, Eastern District of California, Fresno Division

**John Crowe v. Hartwick & Hand, Inc. and Stacy Hand**

**Case No. CV 06-1302 LJO SMS**

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO:

Jerry Budin, Attorney
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

Must be Postmarked No Later Than: (60 days from mailing)

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM H&H**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____ Social Security Number:_____

Telephone Number (Work):_____ Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by H&H, as a truck driver between September 19, 2002 to (date of preliminary approval), is as follows:

Beginning Date            End Date

_____     _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Stacy Hand, Hartwick & Hand, Inc., including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour, meal/rest periods, pre-trip/post-trip inspections and payroll claims, including but not limited to any and all claims for unpaid wages, unpaid overtime, and waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b). By signing below, I also hereby consent to joint this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____            _____
*(Sign your name here)*                        Date

**Other Documents**

1:06-cv-01302-LJO-SMS Crowe v. Hartwick & Hand, Inc. et al.

CIVIL

## U.S. District Court

### Eastern District of California - Live System

### Notice of Electronic Filing

The following transaction was entered by Budin, Jerry on 10/23/2007 at 12:00 PM PDT and filed on
10/23/2007
**Case Name:**      Crowe v. Hartwick & Hand, Inc. et al.
**Case Number:**    1:06-cv-1302
**Filer:**          John Crowe
**Document Number:** 33

**Docket Text:**
STIPULATION *REGARDING SETTLEMENT OF CLASS ACTION; EXHIBITS 1-2* by John Crowe.
(Budin, Jerry)

**1:06-cv-1302 Electronically filed documents will be served electronically to:**

Jerry Budin    jerrybudin@msn.com

John David Higginbotham    john.higginbotham@bbklaw.com

**1:06-cv-1302 Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=10/23/2007] [FileNumber=1922917-
0] [ae8b0e4e3b5738ef03dd1146d46ed6cc65ca7d2fbd7437ab39926aecda241d5626
e24c01bfc145298819c0c541db032d91aeea6bb59a6435fabd8ad4194c690a]]